SCOTT VOELZ (S.B. #181415)
svoelz@omm.com
PAUL A. HOLTON (S.B. #313047)
pholton@omm.com
ALLISON BADER (S.B. #324306)
abader@omm.com
JAMIE BUTTS (S.B. #346647)
jbutts@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

Attorneys for Defendant
Walmart Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL SHUGARS, *in her capacity as Private Attorneys General Representative*, and NICCOLE LE'ROY, *on behalf of herself and all others similarly situated*, <br><br>, <br><br>                    Plaintiffs, <br><br>         v. <br><br> WALMART INC. d/b/a SPARK DRIVER f/k/a DELIVERY DRIVERS, INC., <br><br>                    Defendants. | Case No. _____ <br><br> **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL** <br><br> [Filed concurrently with Civil Cover Sheet; Certificate of Conflicts and Interested Entities or Persons] <br><br> (Santa Clara County Superior Court Case No. 24CV432278) |

# TABLE OF CONTENTS

**Page**

I.  CLASS ACTION FAIRNESS ACT JURISDICTION. ................................. 3

    A.  Plaintiffs' Proposed Class Consists Of More Than 100 Members. ................................................................................... 3

    B.  Diversity Of Citizenship Is Established. ................................ 4

    C.  The Aggregate Amount In Controversy Exceeds $5,000,000. ............ 5

        1.  Penalties For Wage Statement Claims ...................................... 8

        2.  Unpaid Overtime Premium Claims ........................................... 9

II.  VENUE. ................................................................................ 10

III.  PROCEDURAL REQUIREMENTS. ........................................... 10

IV.  CONCLUSION. ..................................................................... 11

1

# TABLE OF AUTHORITIES

2

**Page**

3

<u>CASES</u>

4

*Arias v. Residence Inn,*
5     936 F.3d 920 (9th Cir. 2019) ................................................................... 6

*Behrazfar v. Unisys Corp.,*
6     687 F. Supp. 2d 999 (C.D. Cal. 2009) ................................................... 6

7

*Cain v. Hartford Life & Accident Ins. Co.,*
8     890 F. Supp. 2d 1246 (C.D. Cal. 2012) ................................................. 5

9

*Dart Cherokee Basin Operating Co. v. Owens,*
    574 U.S. 81 (2014) ........................................................................... 3, 6

10

*Davis v. HSBC Bank Nevada, N.A.,*
11     557 F.3d 1026 (9th Cir. 2009) ............................................................... 4

12

*Galt G/S v. JSS Scandinavia,*
    142 F.3d 1150 (9th Cir. 1998) ............................................................. 10

13

*Henry v. Cent. Freight Lines, Inc.,*
14     692 F. App'x 806 (9th Cir. 2017) .......................................................... 5

15

*Hertz Corp. v. Friend,*
16     559 U.S. 77 (2010) ................................................................................. 4

17

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853 (9th Cir. 2001) ................................................................. 4

18

*Morris v. Gilmer,*
19     129 U.S. 315 (1889) ............................................................................... 4

20

*Portillo v. Chipotle Mexican Grill, Inc.,*
    No. ED CV-1701497-AB(JCx), 2018 WL 637386 (C.D. Cal. Jan.
21     31, 2018) ................................................................................................ 4

22

*Salter v. Quality Carriers, Inc.,*
    974 F.3d 959 (9th Cir. 2020) ................................................................. 6

23

*Standard Fire Ins. Co. v. Knowles,*
24     568 U.S. 588 (2013) ............................................................................... 5

25

26

27

28

ii

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

<u>**STATUTES**</u>

28 U.S.C. § 1332 ............................................................................................. passim

28 U.S.C. § 1441 ................................................................................................. 1, 12

28 U.S.C. § 1446 ............................................................................................. passim

28 U.S.C. § 1453 ............................................................................................ 1, 3, 12

28 U.S.C. § 84(c) .................................................................................................... 12

Labor Code § 226.8 ................................................................................................. 2

Labor Code § 226 ............................................................................................... 9, 10

Labor Code § 510(a) .............................................................................................. 10

AMERICAN'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND PLAINTIFFS' ATTORNEY OF RECORD:**

Pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant Walmart Inc. ("Walmart")[1] hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441 and states the following grounds for removal:

1. On February 29, 2024, Plaintiffs Crystal Shugars and Niccole Le'Roy (together "Plaintiffs") filed their PAGA and Class Action Complaint (the "Complaint") in the Superior Court of the State of California, County of Santa Clara, styled and captioned as above. The matter was given Case No. 24CV432278 and is currently assigned to Judge Theodore C. Zayner in Department 19 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibits A-F** are copies of all proceedings, pleadings, and orders served in the State Court Action.

2. This case is brought as a putative class and representative action for damages and/or penalties under the California Labor Code brought by Plaintiffs on behalf of themselves and other putative class and representative action members and against Walmart Inc. ("Defendant" or "Walmart"). Plaintiffs bring claims for Defendant's alleged failure to pay minimum and overtime wages for all hours worked, reimburse business expenses, and furnish itemized wage statements. Plaintiffs also allege that Defendant engaged in willful misclassification of Plaintiffs and putative class and representative action members in violation of California Labor Code § 226.8, and that Defendant committed acts of unfair competition as defined by the California Unfair Business Practices Act. Finally, Plaintiffs bring a cause of action for civil penalties under the California Private

---

[1] As captioned above, Plaintiff's lawsuit names as the Defendant a single entity it calls "WALMART INC. d/b/a SPARK DRIVER f/k/a DELIVERY DRIVERS, INC." Walmart Inc. does not "dba Spark Driver," nor is it "formerly known as Delivery Drivers, Inc." Delivery Drivers, Inc. is a separate entity from Walmart Inc.

WALMART'S NOTICE OF REMOVAL

Attorneys General Act ("PAGA") based on the Labor Code violations they allege. In the Complaint, Plaintiffs state that their claims arise from Defendant "misclassify[ing] its Spark Drivers, including Plaintiffs Crystal Shugars and Niccol Le'Roy" as independent contractors" rather than employees.  (Compl. ¶ 2.)  Based on the allegations in the Complaint and on behalf of themselves and the putative class and representative action members, Plaintiffs seek damages, restitution, penalties, attorneys' fees, interest, costs, and a public injunction "in the form of an order requiring Defendant to comply with the California Labor Code."  (*Id* at p. 16.)

3.     Walmart accepted service of the Complaint via signed Notice and Acknowledgement of Receipt on April 8, 2024.  Other than the documents attached as **Exhibits A-F**, no other pleadings, proceedings, or orders have been filed and served in this action.

4.     This Notice of Removal has been filed within 30 days of service of the Complaint upon Walmart.  As such, the requirement of 28 U.S.C. § 1446(b) that removal occur within 30 days of service of the Complaint has been satisfied.

5.     In addition, this Notice of Removal has been filed within one year of the commencement of the State Court Action (February 29, 2024) as required by 28 U.S.C. § 1446(c).

6.     Walmart denies liability on all claims alleged in this action, denies that Plaintiffs and the putative class or representative action members are employees, denies that class certification is proper, denies that Plaintiffs and the putative representative action members are "aggrieved employees" for purposes of PAGA, denies that Plaintiffs and putative class or representative action members have been damaged in any amount, and reserves all rights and defenses in these regards. However, for the purposes of meeting the jurisdictional requirements of removal only, Walmart submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are

WALMART'S NOTICE OF REMOVAL

100 or more members in Plaintiffs' proposed class; (b) at least some members of the proposed class, including Plaintiffs themselves, have a different citizenship from one or more defendants; and (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs.[2]  28 U.S.C. §§ 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).

I.      **CLASS ACTION FAIRNESS ACT JURISDICTION**.

      A.      **Plaintiffs' Proposed Class Consists Of More Than 100 Members**.

      7.      For CAFA jurisdiction to attach, the number of putative class members of all proposed plaintiff classes in the aggregate must equal or exceed 100.  28 U.S.C. § 1332(d)(5)(B).  At Paragraph 37 of the Complaint, Plaintiffs define the putative class they seek to represent in this action as follows: all "Spark Drivers who have worked for Walmart in California."

      8.      Plaintiffs' reference to "Spark Drivers" refers to independent contractor drivers who use Walmart's Spark Driver platform, an app-based delivery platform that allows independent contractor drivers to receive opportunities to deliver grocery and other general merchandise from stores to customers' homes. (Compl. ¶¶ 1-2.)

      9.      From the rollout of the Spark Driver platform in California in March 2022 through December 31, 2023, over 46,000 drivers have used the Spark Driver platform to complete deliveries in California, and more drivers are signing up

---

[2] Walmart will rely on plausible allegations to make this showing.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

WALMART'S NOTICE OF REMOVAL

weekly.  Currently, there are over 24,000 active California drivers on the Spark Driver platform.  Thus, there are over 46,000 putative class members in California based on Plaintiffs' class definition, well over the 100 putative class members required for removal under CAFA.  28 U.S.C. § 1332(d)(5)(B).

        **B.**    **<u>Diversity Of Citizenship Is Established</u>.**

        10.    Diversity of citizenship is established pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiffs and members of Plaintiffs' proposed class are citizens of California, and Walmart is not a citizen of California.

        11.    Plaintiffs are residents of and domiciled in California (Compl. ¶¶ 3-4.) and as such, they are citizens of California for diversity of citizenship purposes. *See Morris v. Gilmer*, 129 U.S. 315, 328-29 (1889); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] person's state citizenship is . . . determined by her state of domicile").

        12.    For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).

        13.    Walmart is a corporation incorporated under the laws of Delaware. (Compl. ¶ 5.)

        14.    A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "in practice it should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009); *Portillo v. Chipotle Mexican Grill, Inc.*, No. ED CV-1701497-AB(JCx), 2018 WL 637386, at *1 (C.D. Cal. Jan. 31, 2018).  Under this test, Walmart's principal place of business is Arkansas because its "nerve center" is in Arkansas.  Walmart maintains its corporate headquarters at 702 SW 8th St. Bentonville, Arkansas 72716, where its officers direct, control, and coordinate the corporation's activities.

Furthermore, Plaintiffs have acknowledged that Walmart is "a Delaware company with headquarters in Bentonville, Arkansas." (Compl. ¶ 5.)

15.    Accordingly, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c), Walmart is and has been for all times relevant a citizen of the State of Delaware and the State of Arkansas.

16.    Because Plaintiffs are citizens of California, while Walmart is a citizen of Delaware and Arkansas, at least one putative class member and one defendant, Walmart, are diverse from one another. As such, the minimal diversity requirement of 28 U.S.C. § 1332(d )(2)(A) has been met.

**C.    The Aggregate Amount In Controversy Exceeds $5,000,000.**

17.    Walmart maintains that Plaintiff's claims are without merit, that neither Plaintiffs nor the putative class and representative action members are entitled to damages, penalties, or any other relief they seek in this action, that class certification would be inappropriate, and that Plaintiffs are not "aggrieved employees" that can bring a representative action under PAGA. For purposes of meeting the jurisdictional requirements of removal *only*, Walmart submits that the aggregate amount "in controversy" for all putative class members exceeds the sum or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18.    In determining the amount in controversy, the court must "accept[] the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *see also Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). "The removing party's burden is not daunting, and defendants are not obligated to research, state, and

prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (citation and internal quotation marks omitted). Indeed, the removing party need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart*, 574 U.S. at 89 (2014)). Further, the removing party is entitled to rely on "reasonable assumptions" to do so. *Id.* at 925.

19.     Here, Plaintiffs seek, *inter alia*, recovery for alleged unpaid minimum and overtime wages, recovery for alleged unreimbursed business expenses, penalties for failure to provide accurate, itemized wage statements under Labor Code § 226, and attorneys' fees during the applicable statutory periods on behalf of themselves and the putative class members. (*See generally* Compl.) Based on Plaintiffs' allegations, the amount placed in controversy exceeds the $5,000,000 threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).

20.     In establishing that the amount in controversy exceeds the $5,000,000 CAFA threshold, Walmart makes the following reasonable assumptions based on Plaintiffs' Complaint and the facts regarding the drivers in California who have completed delivery orders using the Spark Driver platform (*Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (defendant permitted to "rely on reasonable assumptions" in making showing on the amount in controversy for CAFA removal)):

a.     The putative class, as defined by Plaintiffs, is comprised of all of the drivers who used the Spark Driver platform to deliver orders in California from the date the program was rolled out in March 2022 to the present. (*See* Comp. ¶ 37.) The total number of drivers who completed at least one delivery in California using the Spark Driver platform from March 2022 to December 2023 is over 46,000. Thus, Walmart assumes for purposes of

1    establishing jurisdiction that the total number of putative class

2    members is at least 46,000.

3    b.    The California minimum wage for 2022 was $15.00 per hour.

4    The California minimum wage for 2023 was $15.50 per hour.

5    The average minimum wage from March 2022 to December 31,

6    2023 was approximately $15.25 per hour.

7    c.    There are over 690,000 weeks in which Plaintiffs and putative

8    class members completed trips in California from March 2022 to

9    December 2023 that, if proven, would be subject to the claim.[3]

10    Plaintiff alleges that all putative class members were

11    misclassified as independent contractors and thus did not receive

12    *any* accurate, itemized wage statements.  (Compl. ¶ 38.)  Thus,

13    Walmart assumes for purposes of establishing jurisdiction that

14    Plaintiff seeks penalties for 690,000 violations of Labor Code

15    § 226 (one violation per person per payment period, which is

16    equal to the total number of weeks, given that drivers are

17    generally receive earnings weekly for the deliveries they

18    complete, up to a maximum of $4,000 in penalties (or

19    approximately a maximum of 41 weeks of activity) per person).

20    d.    Walmart assumes for purposes of establishing jurisdiction that

21    for each day in which a putative class member was engaged on

22    the Spark Driver platform for more than eight hours, the putative

23    class member did not receive overtime compensation.

24

25    [3] This total number of weeks accounts for the statutory $4,000 cap per person for
wage statement claims, which would be reached when a driver has completed trips
26    in California in at least 41 weeks.  Accordingly, for drivers who have completed
trips in more than 41 weeks since the rollout of the Spark Driver platform in
27    California in March 2022, those excess weeks have not been included in the
calculations above.
28

21.    From March 2022 to April 1, 2024, roughly one-third of putative class members have been engaged on the Spark Driver platform for more than eight hours in at least one day.  The total number of hours in which drivers on the Spark Driver platform were engaged over eight hours from March 2022 to April 1, 2024 is approximately 151,000.

### 1.    Penalties For Wage Statement Claims

22.    California law requires employers to provide employees with accurate, itemized wage statements "at the time of each payment of wages."  Lab. Code § 226(a).  Labor Code § 226(e) provides that an employee is entitled to recover a penalty of $50 for the initial pay period in which a knowing and intentional violation of Section 226 occurs and $100 for each subsequent pay period.

23.    Plaintiffs brings their fifth cause of action for failure to "provide proper itemized wage statements to [Plaintiffs and putative class members], as required by California law," in violation of Labor Code § 226 (Compl. ¶ 56.) Plaintiffs allege this failure occurred on a "uniform[]" basis due to Walmart's alleged misclassification of Plaintiffs and putative class members as independent contractors.  (*Id.* ¶ 38.)

24.    Plaintiffs' demand for penalties under Labor Code § 226 puts into controversy at least $64,400,000.  Plaintiffs allege that they and putative class members did not receive accurate, itemized wage statements for *any* of the weekly "pay periods" in which they made deliveries.  (Compl. ¶ 38.)  Plaintiff and putative class members were engaged on the platform for a total of over 690,000 weeks from March 2022 through December 2023, taking into account a cap of 40 weeks per person.  Plaintiffs and putative class members received earnings on a weekly basis, so there are at least 690,000 payment periods during the relevant time period. As such, the initial wage statement violation for each of the over 46,000 putative class members would result in a penalty of $2,300,000 (46,000 initial violations x $50), and the violations in the subsequent payment periods would result in a penalty

of $64,400,000 (690,000 total weeks minus 46,000 initial weeks = 644,000 weeks x $100).

25.    In sum, Plaintiffs' and putative class members' claims under Labor Code § 226 put into controversy a minimum of $66,700,000 ($2,300,000 for initial violations + $64,400,000 for subsequent violations).

### 2.    Unpaid Overtime Premium Claims

26.    Under California law, employees must be paid overtime for any hours worked over eight per workday and over 40 per workweek.  Lab. Code § 510(a); Wage Orders 1-17, § 3.  Employees are owed 1.5 times their regular rate of pay for all hours worked over eight hours in a day.  Lab. Code § 510(a).

27.    Plaintiffs' fourth cause of action alleges that Walmart "fail[ed] to pay Spark Drivers the appropriate overtime premiums for all overtime hours worked beyond forty hours per week or eight hours per day" in violation of the Labor Code. (Compl. ¶ 55.)  On the basis of this claim, Plaintiffs and putative class members seek unpaid premium wages for their overtime hours.  (*Id.*)

28.    From March 2022 through April 1, 2024, roughly one-third of putative class members were engaged on the Spark Driver platform over eight hours for at least one day, for an approximate total of 151,000 hours.  Assuming, solely for purposes of establishing jurisdiction, that putative class members were entitled to overtime at 1.5 times the average minimum wage hourly rate for these "overtime" hours but only received the equivalent of the average minimum wage hourly rate, they would be entitled to 0.5 times that hourly rate for each of these 151,000 "overtime" hours.

29.    Thus, Plaintiff and putative class members seek and have put into controversy unpaid overtime compensation in the amount of at least $1,151,375 (151,000 "overtime hours" x 0.5 overtime premium x $15.25 per hour average

WALMART'S NOTICE OF REMOVAL

minimum wage rate of pay = $1,151,375).  As set forth above, the $15.25 per hour average base rate is a reasonable assumption.[4]

30.    In sum, while Walmart contends that Plaintiffs' claims have no merit and cannot be certified for class treatment, because the amount in controversy in this action is at least $5,000,000, the jurisdictional threshold under CAFA is satisfied, and removal is proper.  *See* 28 U.S.C. § 1332(d).

**II.    VENUE.**

31.    Plaintiffs' State Court Action was commenced in the Superior Court of the State of California for the County of Santa Clara and, pursuant to 28 U.S.C. §§ 84(c), 1446(a), (b) and (c), and 1453, may be removed to this United States District Court for the Northern District of California, which embraces Santa Clara County within its jurisdiction.

**III.    PROCEDURAL REQUIREMENTS.**

32.    Walmart satisfies the procedural requirements for removal.

33.    Pursuant to 28 U.S.C. § 1441(a), Walmart has removed this case to the district and division embracing the place where the State Court Action is pending.

34.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action are attached hereto as **Exhibits A-F**.

35.    Pursuant to 28 U.S.C. § 1446(b)(1), (c), this Notice of Removal is timely because it was filed within thirty (30) days of service of the Complaint on Walmart and within one year of commencement of the action.

---

[4] This amount does not include Plaintiffs' and putative class members' sought damages and penalties for alleged unpaid minimum wages (third cause of action) or reimbursement of business expenses (second cause of action), both of which increase the amount-in-controversy in Plaintiffs' Complaint.  (See generally Compl.)  Nor does it include Plaintiffs' reasonable attorneys' fees, which can be included in calculating the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

36.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon all parties and a copy filed with the Clerk of Court for Department 19 of the Superior Court of the State of California, County of Santa Clara.

**IV.     CONCLUSION.**

37.     For the reasons stated herein, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, the State Court Action may be removed to federal district court, and Walmart respectfully requests that it be so removed.

WHEREFORE, Walmart respectfully gives notice of and removes this action to this Court.


Dated:  May 8, 2024                    O'MELVENY & MYERS LLP
                                       SCOTT VOELZ
                                       PAUL A. HOLTON
                                       ALLISON N. BADER
                                       JAMIE BUTTS


                                       By:     _/s/ Scott Voelz_
                                                    Scott Voelz
                                       Attorneys for Defendant
                                       WALMART INC.

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
2/29/2024 1:33 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV432278
Reviewed By: L. Martinez
Envelope: 14559803

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART INC. d/b/a SPARK DRIVERS f/k/a DELIVERY DRIVERS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRYSTAL SHUGARS, in her capacity as Private Attorneys General Representative and NICCOLE LE'ROY, on behalf of herself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Santa Clara, 191 N First St., San Jose, CA 95113

| CASE NUMBER: *(Número del Caso)* |
|---|
| **24CV432278** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Liss-Riordan, 729 Boylston St., Suite 2000, Boston MA, 02116, (617) 994-5800

DATE: 02/29/2024                Clerk, by                L. Martinez                , Deputy
*(Fecha)* 2/29/2024 1:33 PM    Clerk of Court    *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Shannon Liss-Riordan, SBN 310719
729 Boylston St., Suite 2000, Boston MA, 02116

TELEPHONE NO.: (617) 994-5800          FAX NO.: (617) 994-5801
EMAIL ADDRESS: slissriordan@llrlaw.com
ATTORNEY FOR *(Name):* Crystal Shugars and Niccole Le'Roy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N First St
MAILING ADDRESS: 191 N First St
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: Crystal Shugars and Niccole Le'Roy et al. v. WALMART INC. d/b/a SPARK
DRIVERS f/k/a DELIVERY DRIVERS INC.

**FOR COURT USE ONLY**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/29/2024 1:33 PM
Reviewed By: L. Martinez
Case #24CV432278
Envelope: 14559803

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24CV432278 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [x] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 02/29/2024

Shannon Liss-Riordan
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT C

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
JANE FARRELL (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorney for Plaintiffs Crystal Shugars in her
capacity as Private Attorneys General
Representative and Niccole Le'Roy*

E-FILED
2/29/2024 1:33 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV432278
Reviewed By: L. Martinez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

CRYSTAL SHUGARS, *in her capacity as
Private Attorneys General Representative*, and
NICCOLE LE'ROY, *on behalf of herself and
all others similarly situated*,

                    Plaintiffs,

        v.

WALMART INC. d/b/a SPARK DRIVER f/k/a
DELIVERY DRIVERS, INC.,

                    Defendant.

Case No. **24CV432278**

**PAGA AND CLASS ACTION
COMPLAINT**

1. PRIVATE ATTORNEYS GENERAL ACT
(PAGA) CLAIM FOR CIVIL PENALTIES
(CAL. LAB. CODE § 2698 *et seq.*)
2. FAILURE TO REIMBURSE FOR
BUSINESS EXPENSES (CAL. LAB. CODE
§ 2802)
3. MINIMUM WAGE (CAL. LAB. CODE §§
1194, 1197)
4. OVERTIME (CAL. LAB. CODE §§ 1194,
1198, 510, 554)
5. ITEMIZED WAGE STATEMENTS (CAL.
LAB. CODE § 226(a))
6. WILLFUL MISCLASSIFICATION (CAL.
LAB. CODE § 226.8)
7. UNLAWFUL AND/OR UNFAIR
BUSINESS PRACTICES (CAL. BUS. &
PROF. CODE §§ 17200-17208

1
PAGA AND CLASS ACTION COMPLAINT

## I.   <u>INTRODUCTION</u>

1.      This case is brought on behalf of the state of California and other similarly situated aggrieved individuals who have done work on Walmart Inc.'s ("Walmart" or "Defendant") Spark Driver Platform (f/k/a Delivery Drivers, Inc.) in the state of California.  The Spark Driver platform provides shoppers and drivers who can be scheduled through Walmart's mobile phone application (an "app") or Walmart's website. Walmart owns and operates the Spark Driver platform and offers an integrated Walmart same-day delivery service at Walmart locations across California. Spark Drivers shop for or pick up and deliver products from a Walmart location to Walmart customers at their homes or businesses. Walmart is incorporated in Delaware and headquartered in Bentonville, AR, but maintains an office in Sunnyvale, CA and operates the Spark Driver platform throughout California and across the United States.

2.      As described further below, Walmart has misclassified its Spark Drivers, including Plaintiffs Crystal Shugars and Niccol Le'Roy. Because of the Spark Drivers' misclassification as independent contractors, Walmart has violated multiple provisions of the California Labor Code: Walmart has unlawfully failed to reimburse Spark Drivers for all reasonably necessary expenditures incurred in the discharge of their duties, including but not limited to, the vehicle maintenance costs and reimbursement for mileage, in violation of Cal. Lab. Code §2802; has failed to ensure that its Spark Drivers receive the applicable state minimum wage for all hours worked, in violation of Cal. Lab. Code §§ 1197 and 1194; has failed to pay Spark Drivers the appropriate overtime premium for all overtime hours worked beyond forty per week or eight hours per day in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554; and has willfully misclassified Spark Drivers as independent contractors in violation of Cal. Lab. Code § 226.8. Walmart has also violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 by engaging in unlawful business practices.   Plaintiff Shugars brings

her claims pursuant to the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699, *et seq.,* on behalf of the state of California and all other similarly situated aggrieved employees who have been misclassified by Walmart in California since February 2020.  Plaintiff Le'Roy brings these claims on behalf of herself and all other similarly situated aggrieved employees who have been misclassified by Walmart in California since February 2020.

## II.     PARTIES

3.     Plaintiff Crystal Shugars is an adult resident of Modesto, California, where she has worked as a Spark Driver using Walmart's Spark Driver platform since approximately October 2022.

4.     Plaintiff Niccol Le'Roy is an adult resident of Oakdale, California, where she has worked as a Spark Driver using Walmart's Spark Driver platform since approximately March 2022.

5.     Defendant Walmart, Inc. ("Walmart" or "Defendant") is a Delaware corporation with headquarters in Bentonville, Arkansas.  Walmart also maintains offices in California, including Sunnyvale, California.

## III.     JURISDICTION

6.     This is a civil action brought under and pursuant to the California Labor Code and California Business & Professions Code, and this Court has jurisdiction over Plaintiff's PAGA claim pursuant to California Code of Civil Procedure § 410.10.

7.     The monetary relief which Plaintiffs seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

8.     Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Defendant has an office in the county of Santa Clara, California where it conducts e-commerce business relating to on-demand delivery and the Spark Driver Platform. Additionally, aggrieved employees similarly situated to Plaintiffs performed Walmart's shopping, pickup, and

delivery services in the county of Santa Clara, California.  Defendant engages in business activities in and throughout the State of California, including in Santa Clara County.

## IV.     STATEMENT OF FACTS

9.     The Spark Driver app allows anyone with a car and a smartphone to shop for and deliver groceries and goods to Walmart customers. Spark Drivers select and purchase requested groceries and other goods, or pick them up from Walmart's local stores, and deliver them to customers in the State of California.

10.     The Spark Driver platform allows Walmart customers the ability to order groceries and other goods from local Walmart stores through Walmart's site or app.  The orders are delivered the same day.

11.     Walmart owns and operates the Spark Driver platform, which it acquired when it purchased Delivery Drivers Inc. in or around August 2022. Walmart and Delivery Drivers Inc. rolled out the Spark Driver platform in 2018.

12.     According to an August 2022 news release on Walmart's corporate website, "nearly three-quarters of [Walmart] delivery orders [had] been fulfilled by drivers on the Spark Driver platform."

13.     According to a mid-2023 news release on Walmart's corporate website, the Spark Driver platform, which "started as a way to provide delivery to customers in rural and suburban areas has grown to become Walmart's largest local delivery service provider."

14.     According to the same 2023 news release, "[In 2018], Walmart offered grocery pickup in fewer than 2,000 stores and . . . grocery delivery to 800 locations. [By 2023], Walmart offer[ed] delivery from more than 4,000 stores. [Since 2018], the Spark Driver platform has grown to operate in all 50 U.S. states across more than 17,000 pickup points, with the ability to reach 84% of U.S. households."

15.    As Walmart's website states, Walmart customers can use Walmart's website or app to order Same Day Delivery from Walmart. Walmart notifies customers when their order is on the way and customers can track their order's progress in Walmart's app.

16.    Spark Drivers, including Plaintiffs, fulfill same-day delivery orders customers place with Walmart. The drivers either fulfill the order (shop) at Walmart or pick up a prepared order curbside or in-store and then deliver the order to the customer.

17.    Walmart's website boasts that customers can "[t]ake advantage of Walmart's Everyday Low Prices on a huge assortment of groceries and more . . . by shopping online using Walmart's . . . delivery service. Simply place an order online, choose a timeslot, and an associate will gather your items and place them in bags. When your order is ready . . . your order can be delivered right to your door . . . If you're satisfied with your delivery experience, you can leave feedback and add a tip for your driver."

18.    If customers have issues with their order or delivery, they may alert Walmart via its "Chat with us" button. If a customer has delays or cancellations of their order and the customer picks up the order, Walmart will refund the customer's delivery fees and tips.

19.    According to Walmart's website, https://drive4spark.walmart.com/, the Spark Driver platform allows anyone with a car and a smartphone to "shop or deliver for customers of Walmart and other businesses."

20.    Spark Drivers must be over age 18, own a smartphone (iOS or Android 11 or newer), maintain and have proof of active car insurance, have a valid driver's license, have a clean driving record, have a clean and reliable vehicle, undergo training on how to use the app and how to deliver alcohol, and pass a background check.

21.    Once a Spark Driver has been approved to drive, the Driver logs onto Walmart's Spark Driver app, turns on "Spark Now", and waits for an offer. If the Driver is able to select an offer, she must drive to Walmart and shop for or pick up the order for delivery within the

specified timeframe, typically immediately. If the Spark Driver has questions while shopping for an order at Walmart, she is directed to ask a Walmart associate for assistance. If the items in the delivery order are perishable and too much time has elapsed since a shopper (whether the Spark Driver or a Walmart associate) collected the items and they were transferred into the Spark Driver's car, Walmart cancels the order, the Spark Driver must return the items, and the Spark Driver is not paid for the time spent waiting for the items.

22.    Walmart does not compensate Spark Drivers for the time spent logged into the Spark Driver app, time spent waiting for work, or time spent waiting at Walmart for a curbside pickup order to deliver.

23.    Spark Drivers are not reimbursed for mileage, vehicle wear and tear, data use, or any other reasonably necessary expenses incurred in the course of performing services for Walmart.

24.    Walmart controls Spark Drivers' schedules and pay; Spark Drivers are unable to set or negotiate prices for the available jobs. Walmart offers Spark Drivers various incentives, including monthly membership in Walmart+, Walmart's "exclusive membership program" which provides free shipping and delivery among other benefits. Walmart also now offers a "Spark Driver Fast Lane" at its checkout area to expedite checkout for its Spark Drivers.

25.    Walmart customers do not select their Spark Drivers but rather place their orders through Walmart.

26.    Walmart collects payment per delivery from the customer and then pays its Spark Drivers per delivery via ONE (a digital wallet), direct deposit, or Branch Wallet.  Spark Drivers may receive little or no pay for a shift because they receive few (or low fee) deliveries or are compelled to travel great distances for relatively inexpensive orders.  Thus, Spark Drivers have not always received minimum wage for the hours they have worked, and overtime hours and pay is not available. If a driver uses the ONE as their primary earnings account, their confirmed

earnings will be instantly deposited into your earnings account. If they select direct deposit or Branch Wallet as their primary earnings account, their confirmed earnings are deposited on a weekly basis.

27.    Walmart classifies Spark Drivers, including Plaintiffs Shugars and Le'Roy, as "independent contractors," but under California law they should be classified as employees.

28.    Spark Drivers provide a service in the usual course of Walmart's business because Walmart offers this delivery service through its own website and app; Walmart refers to deliveries made by Spark Drivers as made through "Walmart's delivery service"; and Spark Drivers such as Ms. Shugars perform that delivery service, first by fulfilling the order (shopping) or picking up the order and then by delivering the order to the customer.  Walmart holds itself out to provide grocery and home goods delivery, and it generates its revenue primarily from customers paying for these delivered goods. Without the Spark Driver platform to carry out fulfillment or curbside pickup and delivery of these orders, there would be no Walmart delivery service. On its corporate website, Walmart claims to have started the Spark Driver platform "to bring even more convenience to our customers by delivering groceries and essentials directly to their doors. To offer this service to all customers with speed, [Walmart] needed a delivery network that could reach rural and suburban areas. So [Walmart] launched the Spark Driver platform."

29.    Walmart's Spark Drivers are not typically engaged in their own delivery business. When shopping for customers and delivering orders on the Spark Driver platform, Spark Drivers are doing work for Walmart.

30.    Walmart also requires Spark Drivers to abide by a litany of policies and rules designed to control and direct Spark Drivers' work performance in detail. Walmart regularly exercises this control over the Spark Drivers' work.

31.    Walmart determines Spark Drivers' pay. For example, Spark Drivers cannot negotiate the amount that they will be paid per order with the customer and are instead paid according to Walmart's formula (which is not clearly explained nor negotiated with the Spark Drivers). Pay is not based on hours or time worked.

32.    Walmart may deactivate a Spark Driver if the Spark Driver misses deliveries, misses too many items, or cancels too many orders; if Walmart store staff complains about the Spark Driver; or if the customer complains about the Spark Driver, among other reasons. A deactivated Spark Driver may appeal a deactivation to Walmart.

33.    Spark Drivers deliver household goods and other products that were manufactured out of state and thus are in interstate commerce.

34.    Walmart has violated Cal. Lab. Code §2802; Cal. Lab. Code §§ 1197 and 1194; Cal. Lab. Code §§ 1194, 1198, 510, and 55; Cal. Lab. Code § 226.8 by failing to reimburse Spark Drivers for all reasonably necessary expenditures incurred in the discharge of their duties, including but not limited to the vehicle maintenance costs and reimbursement for mileage; by failing to ensure that its Spark Drivers receive the applicable state minimum wage for all hours worked; by failing to pay Spark Drivers the appropriate overtime premium for all overtime hours worked beyond forty per week or eight hours per day; and by willfully misclassifying Spark Drivers as independent contractors.

35.    As the California Supreme Court's decision in <u>Dynamex Operations W. v. Superior Court</u>, (2018) 4 Cal. 5th 903, <u>reh'g denied</u> (June 20, 2018) makes clear, Walmart's Spark Drivers should be classified as employees, rather than independent contractors, for the purposes of the Labor Code statutes.  Under the "ABC" test adopted in Dynamex, in order to justify classifying its Spark Drivers as non-employees, Walmart would have to prove its Spark Drivers perform services outside Walmart's usual course of business, which Walmart cannot do here.  Likewise, Walmart cannot satisfy its burden to prove that Spark Drivers have been

customarily engaged in an independently established trade, occupation, or business of the same nature as the work they performed for Walmart. Additionally, Walmart cannot satisfy its burden to demonstrate that Spark Drivers have been free from Walmart control and direction, both under that contract and in fact.

36.    None of the exemptions to California Assembly Bill 5, which codified the ABC Test, apply here, including the business-to-business exemption, because Spark Drivers work under the direction and control of Walmart, Spark Drivers provide a service to Walmart's customers, Spark Drivers cannot negotiate their own rates, and Spark Drivers cannot set their own hours and location of work, among other reasons.

## V.    CLASS ALLEGATIONS

37.    Plaintiff Le'Roy brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of Spark Drivers who have worked for Walmart in California.

38.    Plaintiff and other class members have uniformly been classified as independent contractors, and deprived reimbursement of their necessary business expenditures, minimum wage, overtime, properly maintained employee records, and properly itemized pay statements.

39.    The members of the class are so numerous that joinder of all class members is impracticable.

40.    Common questions of law and fact regarding Walmart's conduct in classifying Spark Drivers as independent contractors, failing to reimburse them for business expenditures, failing to ensure they are paid the minimum wage and appropriate overtime premium for all overtime hours worked, and failing to provide properly itemized pay statements exists as to all members of the class and predominate over any questions affecting any individual member of the class. Among the questions of law and fact common to the class are:

a. Whether the work performed by class members – shopping for and delivering goods – is within Walmart's usual course of business;

b. Whether class members are typically engaged in their own shopping and delivery service or whether they wear the "hat" of Walmart when performing Spark Driver services;

c. Whether class members have been required to follow uniform procedures and policies regarding their work for Walmart;

d. Whether these class members have been required to bear the expenses of their employment, such as expenses for owning or leasing and maintaining their vehicles, gas, insurance, and phone and data plan.

41.     Plaintiff Le'Roy is a class member who suffered damages as a result of Walmart's conduct and actions alleged herein.

42.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

43.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation. The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

44.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

45.     A class action is superior to other available members for the fair and efficient adjudication of this controversy because joinder of all class members is impracticable. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them.  The class is readily definable and prosecution of this action as a class action will eliminate the possibility of

PAGA AND CLASS ACTION COMPLAINT

repetitive litigation.  There will be no difficulty in the management of this action as a class action.

### VI.  PAGA REPRESENTATIVE ACTION ALLEGATIONS

46.    Plaintiff Shugars allege that Walmart violated PAGA by willfully misclassifying its Spark Drivers as independent contractors in violation of Cal. Lab. Code § 226.8; by failing to reimburse Spark Drivers for all reasonably necessary expenditures incurred in the discharge of their duties, including but not limited to the vehicle maintenance costs and reimbursement for mileage, in violation of Cal. Lab. Code §2802; by failing to ensure that Spark Drivers receive the applicable state minimum wage for all hours worked, in violation of Cal. Lab. Code §§ 1197 and 1194; and by failing to pay Spark Drivers the appropriate overtime premium for all overtime hours worked beyond forty per week or eight hours per day in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 55. Walmart has also violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 by engaging in unlawful business practices

47.    On October 11, 2023, Plaintiff gave written notice of Walmart's violations of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") via online filing and to Walmart's General Counsel via certified mail.

48.    It has been more than 65 days since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code§ 2699.3(a)(2)(A).

### COUNT I
### Penalties Pursuant to Labor Code Private Attorneys General Act of 2004
### Violation of Cal. Lab. Code § 2698, *et seq.*

49.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiffs are aggrieved employees as defined by Cal. Lab.

Code § 2699(c) as they were employed by Walmart during the applicable statutory period and suffered injury as a result of Walmart's Labor Code violations. Accordingly, Plaintiff Shugars seeks to recover on behalf of the State of California, as well as herself and all other current and former aggrieved employees of Walmart who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

50.     Walmart's Spark Drivers are entitled to penalties for Walmart's violations of Cal. Lab. Code § 2802 and §§ 1194, 1197, 1198, 510, and 554 as set forth by Cal. Lab. Code § 2699(f). Plaintiff Shugars seeks civil penalties pursuant to PAGA for (1) failure to reimburse Spark Drivers for all necessary expenditures incurred in performing their duties, including but not limited to vehicle maintenance costs and reimbursement for mileage, in violation of Cal. Lab. Code § 2802; (2) failure to pay minimum wages in violation of Cal. Lab. Code § 1197 and 1194; and (3) failure to assure that all Spark Drivers received the appropriate overtime premium for all overtime hours worked beyond forty per week or eight hours per day in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554.

51.     Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to the minimum wage violations under Cal. Lab. Code §§ 1197 and 1194, § 1197.1 imposes a civil penalty in addition to any other penalty provided by law of one hundred ($100) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages, and, for each subsequent violation of Labor Code §§ 1197 and 1194, two hundred and fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover unpaid wages and liquidated damages. With respect to overtime violations under Labor Code §§ 510, the statute imposes a civil penalty in addition to any other penalty provided by law of fifty

dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

52.    Plaintiff Shugars complied with the notice requirement of Cal. Lab. Code §2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal, and on Defendant Walmart via email and Certified Mail on October 12, 2023.  It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

### COUNT II
### Expense Reimbursement
### Violation of Cal. Lab. Code § 2802 and Wage Order No. 9

53.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in misclassifying Spark Drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802 and Wage Order No. 9.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Walmart in California.

### COUNT III
### Minimum Wage
### Violation of Cal. Lab. Code §§ 1194, 1197

54.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to pay Spark Drivers the appropriate minimum wage for all hours worked violates Cal. Lab. Code §§

1194 and 11197.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Walmart in California.


### COUNT IV
### Overtime
### Violation of Cal. Lab. Code §§ 1194, 1198, 510 and 554

55.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to pay Spark Drivers the appropriate overtime premium for all overtime hours worked beyond forty hours per week or eight hours per day violates Cal. Lab. Code §§ 1194, 1198, 510, and 554. This claim is brought on behalf of a class of similarly situated individuals who have worked for Walmart in California.


### COUNT V
### Pay Statements
### Violation of Cal. Lab. Code § 226(a), Wage Order No. 9

56.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to provide proper itemized wage statements to Plaintiff, as required by California state law, violates Cal. Lab. Code § 226(a).  This claim is brought on behalf of a class of similarly situated individuals who have worked for Walmart in California.


### COUNT VI
### Willful Misclassification
### Violation of Cal. Lab. Code § 226.8

57.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in continuing to classify Spark Drivers as independent contractors notwithstanding the California Supreme

PAGA AND CLASS ACTION COMPLAINT

Court's decision in <u>Dynamex Operations W. v. Superior Court</u> (2018) 4 Cal.5th 903, 416 P.3d 1, <u>reh'g denied</u> (June 20, 2018), and Assembly Bill 5 (A.B. 5) (codified as Cal. Lab. Code § 2750.3) (subsequently repealed and replaced by A.B. 2257, codified as Cal. Lab. Code § 2775), which makes clear that Spark Drivers are its employees under California law, violates Cal. Lab. Code § 226.8 and constitutes willful misclassification.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Walmart in California.

**COUNT VII**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code § 17200,** *et seq.*

58.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") insofar as Defendant continued to classify Spark Drivers as independent contractors during the relevant time period, notwithstanding the California Supreme Court's decision in <u>Dynamex Operations W. v. Superior Court</u> (2018) 4 Cal.5th 903 [232 Cal.Rptr.3d 1, 416 P.3d 1], <u>reh'g denied</u> (June 20, 2018), and the Legislature's passage of Assembly Bill 5, which makes clear that Spark Drivers are its employees under California law, violates Cal. Lab. Code § 226.8 and constitutes willful misclassification.

59.     Defendant's conduct also constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 2802, 226(a), 1194, 1197, 1198, 510, and 554.

60.     As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to, business expenses that Spark Drivers were required to pay and wages that Spark Drivers were due. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendants' unlawful conduct and to recover

15
PAGA AND CLASS ACTION COMPLAINT

restitution.  Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Walmart are entitled to recover reasonably attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

   a.  Declare and find that the Defendant violated Cal. Lab. Code §§ 226(a), 2802, 1197, 1194, 1198, 510, and 554;

   b.  Enter Judgment in Plaintiff Shugars' favor on her PAGA claim pursuant to Cal. Lab. Code §2699(c);

   c.  Certify a class action under Count II through VII and appoint Plaintiffs Crystal Shugars and Niccol Le'Roy and their counsel to represent a class of Spark Drivers who have worked in California;

   d.  Award penalties in an amount according to proof;

   e.  Award pre- and post-judgment interest;

   f.  Award reasonable attorneys' fees, costs, and expenses;

   g.  Public injunctive relief in the form of an order requiring Defendant to comply with the California Labor Code; and

   h.  Any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

CRYSTAL SHUGARS, in her capacity as Private Attorneys General Representative, and CRYSTAL LE'ROY, on behalf of all others similarly situated,

By their attorneys,


*Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
Jane Farrell, SBN 333779
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com
        jfarrell@llrlaw.com

Dated:        February 29, 2024

# EXHIBIT D

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: **24CV432278**

### PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**   You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms:  https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms:  https://www.scscourt.org/forms_filing.shtml  and
  https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

**CASE MANAGEMENT CONFERENCE (CMC):**   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may have the option, or be required, to appear remotely –*
*see Local Civil Rule 8.*

---

Your Case Management Judge is: Hon. Theodore C. Zayner    Department: 19

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 7/24/24    Time: 2:30 p.m.    in **Department**: 19

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____    Time: _____    in **Department**: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

**WARNING:**  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 3/11/2024 9:02 AM**
**Reviewed By: R. Walker**
**Case #24CV432278**
**Envelope: 14597340**

TO:    FILE COPY

RE:    <u>Shugars, et al. v. Walmart Inc. dba Spark Driver fka Delivery Drivers, Inc.</u>
       **(Class Action/PAGA)**

CASE NUMBER:    **24CV432278**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiffs **Crystal Shugars** ("Plaintiff"), et al. in the Superior Court of California, County of Santa Clara, on **February 29, 2024** and assigned to Department **19** (Complex Civil Litigation), the **Honorable Theodore C. Zayner** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **19** (Complex Civil Litigation), the **Honorable Theodore C. Zayner** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Crystal Shugars**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **<u>July 24, 2024 at 2:30 p.m. in Department 19</u>** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

-----
Updated on 3/11/21.

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:  March 7, 2024                                            _____

**Hon. Theodore C. Zayner**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----

EXHIBIT F

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shannon Liss-Riordan, SBN 310719<br>729 Boylston St., Suite 2000, Boston MA, 02116 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (617) 994-5800     FAX NO. *(Optional)*:  (617) 994-5801<br>E-MAIL ADDRESS *(Optional)*:  slissriordan@llrlaw.com<br>ATTORNEY FOR *(Name)*:  Crystal Shugars and Niccole Le'Roy | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/2/2024 10:30 AM<br>Reviewed By: R. Fleming<br>Case #24CV432278<br>Envelope: 15207787** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA |
|---|
| STREET ADDRESS: 191 N First St |
| MAILING ADDRESS: 191 N First St |
| CITY AND ZIP CODE: San Jose, CA 95113 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: CRYSTAL SHUGARS & NICCOLE LE'ROY<br>DEFENDANT/RESPONDENT:  WALMART INC.d/b/a SPARK DRIVER f/k/a DELIVERY DRIVERS I | CASE NUMBER:<br>24CV432278 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      WALMART INC.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   via email to counsel,Scott Voelz svoelz@omm.com, for Defendant upon authorization

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party   (1) on *(date):*                    (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*                 at *(time):*          I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*              from *(city):*                   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER:  CRYSTAL SHUGARS & NICCOLE LE'ROY<br>DEFENDANT/RESPONDENT:  WALMART INC.d/b/a SPARK DRIVER f/k/a DELIVERY DRIVERS | CASE NUMBER:<br>24CV432278 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                   (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☒  **by other means** *(specify means of service and authorizing code section):*
      Email of all documents to counsel for Defendant in order to obtain Acknowledgment of Receipt for filing

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):* Crystal Shugars and Niccole Le'Roy
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☒  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**

  a.  Name:  Matthew Thomson

  b.  Address:  729 Boylston Street, Suite 2000, Boston, MA 02116

  c.  Telephone number:  (617) 994-5800

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1)  ☒  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

      (i)  ☐  owner    ☐  employee    ☐  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 05/02/2024

Matthew Thomson
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Matthew Thomson*
_____
(SIGNATURE)

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 310719 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Shannon Liss-Riordan | | |
| FIRM NAME: Lichten & Liss-Riordan, P.C. | | |
| STREET ADDRESS: 729 Boylston St., Suite 2000 | | |
| CITY: Boston      STATE: MA      ZIP CODE: 02116 | | |
| TELEPHONE NO: 617-994-5800      FAX NO.: 617-994-5801 | | |
| E-MAIL ADDRESS: sliss@llrlaw.com | | |
| ATTORNEY FOR (Name): Plaintiff | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First St., Suite A
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

Plaintiff/Petitioner: Crystal Shugars and Niccole Le'Roy
Defendant/Respondent: Walmart Inc. d/b/a Spark Driver f/k/a Delivery Drivers Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 24CV432278 |
|---|---|

TO (insert name of party being served): Walmart, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 19, 2024

Matthew Thomson
(TYPE OR PRINT NAME)

▶ _[signature]_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [ ] Other (specify):

*(To be completed by recipient):*

Date this form is signed: 4/8/24

Scott Voelz
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _[signature]_ — Counsel for Walmart
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov